Tax Parcel No. 17/88552



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
Wilkes-Barre Division

| | | |
|---|---|---|
| In re   JOHN G. POTTER and JULIE S. POTTER, : | | CASE NO. 5:13-bk-06556-JJT |
| : | | |
| Debtors.        : | | CHAPTER 13 |
| : | | |

## CERTIFICATE OF SATISFACTION AND AVOIDANCE

AND NOW COME, JOHN G. POTTER and JULIE S. POTTER (the "Debtors"), by and through their undersigned attorney, with their Certificate of Satisfaction and Avoidance, and in support thereof aver:

1. By deed dated October 23, 1998, and recorded on October 30, 1998, in the Office of the Recorder of Deeds in and for the County of Monroe, in Book 2055, Page 4923, the Debtors first became the owners of the property more particularly described therein, and currently identified by Tax Code No. 17/88552, and now exclusively known as 120 McMichael Drive, Township of Stroud (for mailing purposes only: Stroudsburg, PA 18360)(the "Property").

2. By Mortgage dated September 6, 2005, and recorded on September 16, 2005, in the Office of the Recorder of Deeds in and for the County of Monroe, in Book 2240, Page 1686 (the "Second Mortgage"), the Debtors pledged the Property as security on a debt to the mortgagee named therein, to wit: Keystone Nazareth Bank and Trust Company n/k/a KNBT a Division of National Penn Bank (hereinafter, "KNBT").

3. The Second Mortgage is a junior mortgage to a senior mortgage of record.

4. On December 29, 2013, the Debtors filed a voluntary petition under chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*., filed to Case No. 11-00749-JJT (the "Bankruptcy Case"), in the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Bankruptcy Court").

5. On August 4, 2014, the Debtors filed in the Bankruptcy Case their First Amended Chapter 13 Plan (Including 1 Motion(s) to Avoid Liens and 1 Motion(s) to Value Collateral)(the "Confirmed Chapter 13 Plan") dated July 25, 2014, which Confirmed Chapter 13 Plan provided

1

for Avoidance of the Second Mortgage (See Section 2.D. thereof), a true and correct copy of which Confirmed Chapter 13 Plan is attached hereto as Exhibit "A," and by this reference incorporated herein as if set out at length herein.

6.     KNBT was aware, and received notice, of all relevant activity in the Bankruptcy Case. The holder of the Second Mortgage filed a proof of claim in the Bankruptcy Case. It did not object to confirmation of the Confirmed Chapter 13 Plan.

7.     On September 10, 2014, the United Stated Bankruptcy Court entered an order entitled "Order Confirming Amended Chapter 13 Plan" (the "Confirmation Order"), a true and correct copy of which is attached hereto as Exhibit "B," and by this reference incorporated herein as if set out at length herein, approving the Debtors' Confirmed Chapter 13 Plan filed on August 4, 2014.

8.     On March 3, 2017, the United Stated Bankruptcy Court entered its order entitled Order of Discharge, a true and correct copy of which is attached hereto as Exhibit "C," and by this reference incorporated herein as if set out at length herein.

9.     Pursuant to the plain language of the Debtors' Confirmed Chapter 13 Plan (Section 2.D. thereof), the Second Mortgage shall be satisfied and avoided by a Confirmation Order upon entry of the Order of Discharge. The Confirmation Order and the Order of Discharge now have all been entered on the docket of the Debtors' chapter 13 Bankruptcy Case pending in the Bankruptcy Court.

WHEREFORE, the Debtors, John G. Potter and Julie S. Potter, respectfully represent that the Second Mortgage filed at Book 2240, Page 1686, has been avoided and for all purposes satisfied via the terms of the Debtors' Confirmed Chapter 13 Plan, the Confirmation Order, and the Order of Discharge, and respectfully request recording of this document with exhibits with the Monroe County Recorder of Deeds.

Respectfully submitted,

STEVEN R. SAVOIA, Attorney at Law

By: _____

Attorney ID # 92253
621 Ann Street, P.O. Box 263
Stroudsburg, PA 18360
Telephone No.: (570) 972-2060
Facsimile No.: (570) 338-3499
Attorney for JOHN G. POTTER and JULIE S. POTTER

2

# Exhibit A

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**IN RE:**

JOHN and JULIE POTTER

: **CHAPTER 13**
: **CASE NO.** 5 - 13 -bk- 06556-JJT
:
: **CHAPTER 13 PLAN**
:
:     **(Indicate if applicable)**
:   1  **# MOTIONS TO AVOID LIENS**
:   1  **# MOTIONS TO VALUE COLLATERAL**
:
:  ☐  **ORIGINAL PLAN**
: 1st **AMENDED PLAN**
:     **(Indicate 1ST, 2ND, 3RD, etc.)**

---

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY.  If you oppose any provision of this plan you must file a timely written objection.  This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

---

### PLAN PROVISIONS

**DISCHARGE:**   **(Check one)**

[✓]    The debtor will seek a discharge of debts pursuant to Section 1328(a).

[ ]    The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:**   **(Check if applicable)**

[ ]    This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania.  Those provisions are set out in Section 8 of this plan.  Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered.  This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8.  The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1.    **PLAN FUNDING AND LENGTH OF PLAN**

    A.    <u>Plan Payments</u>

        1.    To date, the Debtor(s) has paid $ 1,360.00 (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $ 15,360.00 plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 09/14 | 12/16 | 500.00 | | 14,000.00 |
| Plus | Payments | Already Made | | 1,360.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | Total Payments: | $      15,360.00 |

        2.    If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

        3.    Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

        4.    CHECK ONE:    ☑ Debtor(s) is at or under median income

                          ☐ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B.    <u>Liquidation of Assets</u>

        1.    In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $      -0-      from the

sale of property known and designated as _____. All sales shall be completed by _____, 20_____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_____

2.    Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

3.    The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

## 2.    SECURED CLAIMS

A.    <u>Pre-Confirmation Distributions</u>.  Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee.  The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |

The Trustee will not make a partial payment.  If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans.  If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B.    <u>Mortgages and Other Direct Payments by Debtor</u>.  Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.  All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

3

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Chase Mortgage (POC #9) | Debtors' Residence at 120 McMichael Drive, Stroudsburg, PA | $ 1,947.75 | $ 323,505.37 |
| Ally Bank (POC #4) | 2008 Chevrolet Colorado Truck | $ 376.21 | $ 2,608.00 |
| | | $ | $ |
| | | $ | $ |

C.   Arrears.  The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below.  If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Chase Mortgage (POC #9) | Debtors' Res at 120 McMichael Dr., Sbg, PA | $ 2,954.66 | $ | $ 2,954.66 |
| Ally Bank (POC #4) | 2008 Chevrolet Colorado Truck | $ 759.94 | $ | $ 759.94 |
| | | $ | $ | $ |
| | | $ | $ | $ |

D.   Secured Claims Paid According to Modified Terms.  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

4

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| National Penn Bank | Debtors' Res. at 120 McMichael Drive, Stroudsburg, PA | $ NO VALUE | % | $ -0- | PLAN |
| | | $ | % | $ | |
| | | $ | % | $ | |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

       E.    <u>Other Secured Claims</u>.  (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| | | $ | % | $ |
| | | $ | % | $ |
| | | $ | % | $ |

       F.    <u>Surrender of Collateral</u>.  Debtor(s) surrenders the following assets to secured creditors.  Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered.  This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

5

G.  <u>Lien Avoidance</u>.  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| Four Seasons Investments, LLC | Personal Property (Judgment Creditor Against Julie Potter Only, Monroe |
|  | County Court of Common Pleas 2010 CV 12171, Judgment 3/7/11) |
|  |  |

H.  <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions.  (Check if applicable)

 Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1)  Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.  If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2)  Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3)  Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

## 3.  PRIORITY CLAIMS

A.  Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| U.S. Department of Treasury (IRS)(POC #3) | $ 4,578.62 |
|  | $ |
|  | $ |

6

B.    Administrative Claims:

  (1)    Trustee fees.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

  (2)    Attorney fees. In addition to the retainer of $  2,000.00  already paid by the Debtor, the amount of $  1,900.00  in the plan.  Any amount exceeding the Trustee's applicable no-look fee will not be paid until a fee application for the requested amount is approved by the Court.  These no-look fees are posted at: www.mdbba.net/Chapter13Trustee.html.

  (3)    Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | $ |
| | $ |
| | $ |

## 4.    UNSECURED CLAIMS

A.    Claims of Unsecured Nonpriority Creditors Specially Classified.  Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| | | $ | % | $ |
| | | $ | % | $ |

B.    All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**.  The following
executory contracts and unexpired leases are assumed (and pre-petition arrears to be
cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
|  |  | $ | % | $ | $ |  |
|  |  | $ | % | $ | $ |  |

**6.** **REVESTING OF PROPERTY: (Check One)**

☐ Property of the estate will vest in the Debtor upon confirmation.  (Not to be used with Section 2H)

☑ Property of the estate will vest in the Debtor upon closing of the case.

**7.** **STUDENT LOAN PROVISIONS**

A.  <u>Student loan provisions</u>.  This plan does not seek to discharge student loan(s) except as follows:

**(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
|  | $ | % | $ | $ |
|  | $ | % | $ | $ |

**8.** **OTHER PLAN PROVISIONS**

A.  Include the additional provisions below or on an attachment.  **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

8

**9.      ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

Level 1:
Level 2:
Level 3:
Level 4:
Level 5:
Level 6:
Level 7:
Level 8:

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:      Adequate protection payments.
Level 2:      Debtor's attorney's fees.
Level 3:      Domestic Support Obligations.
Level 4:      Priority claims, pro rata.
Level 5:      Secured claims, pro rata.
Level 6:      Specially classified unsecured claims.
Level 7:      General unsecured claims.
Level 8:      Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: _____July 25, 2014_____        /s/ Steven R. Savoia (Atty ID 92253)
                                           _____
                                           Attorney for Debtor

                                           /s/ John Potter
                                           _____
                                           Debtor

                                           /s/ Julie Potter
                                           _____
                                           Joint Debtor

9

# Exhibit B

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

|  |  |  |
|---|---|---|
| John Potter | Chapter | 13 |
| aka John G Potter, aka John George Potter | | |
| Julie Potter | Case No. | 5:13–bk–06556–JJT |
| aka Julie S Potter, aka Julie Susan Potter | | |

Debtor(s)

## Order Confirming Amended Chapter 13 Plan

The Amended Chapter 13 Plan was filed on August 4, 2014. The Amended Plan, or summary of the Amended Plan, was transmitted to creditors pursuant to Bankruptcy Rule 3015. The Court finds that the Amended Plan meets the requirements of 11 U.S.C §1325.

**IT IS HEREBY ORDERED THAT:**

The Amended Chapter 13 Plan is confirmed.

Dated:  September 10, 2014

By the Court,

John J. Thomas
United States Bankruptcy Judge

# Exhibit C

| Information to identify the case: | |
|---|---|

| Debtor 1 | **John Potter** | | Social Security number or ITIN | xxx–xx–7991 |
| | First Name   Middle Name   Last Name | | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 | **Julie Potter** | | Social Security number or ITIN | xxx–xx–4180 |
| (Spouse, if filing) | First Name   Middle Name   Last Name | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Middle District of Pennsylvania** | | | |
| Case number: | **5:13–bk–06556–JJT** | | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

John Potter
aka John G Potter, aka John George Potter

Julie Potter
aka Julie S Potter, aka Julie Susan Potter

**By the court:**

March 3, 2017

Honorable John J. Thomas
United States Bankruptcy Judge

By: AGarner, Deputy Clerk

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

### Some debts are not discharged

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- ♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- ♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---



# COUNTY OF MONROE

### RECORDER OF DEEDS
**610 MONROE STREET
SUITE 125
STROUDSBURG, PA 18360**
Area Code (570) 517-3969

Josephine Ferro - Recorder

Instrument Number - 201709837            Book - 2490   Starting Page - 271
Recorded On 4/21/2017 At 4:44:03 PM         * Total Pages - 18
* Instrument Type - MISCELLANEOUS INSTRUMENT
  Invoice Number - 729922
* Grantor - POTTER, JOHN G
* Grantee - KEYSTONE NAZARETH BANK & TRUST COMPANY
  User - TW
* Customer - STEVEN SAVOIA
* FEES

| | | |
|---|---|---|
| STATE WRIT TAX | $0.50 | |
| RECORDING FEES | $39.00 | |
| COUNTY ARCHIVES FEE | $2.00 | |
| ROD ARCHIVES FEE | $3.00 | |
| TAX CODE CERTIFICATION | $10.00 | |
| FEES | | |
| TOTAL PAID | $54.50 | |

RETURN DOCUMENT TO:
STEVEN SAVOIA

MC GIS Registry UPI Certification
On April 21, 2017 By JG

TAX ID #
17/88552
Total Tax IDs: 1



I Hereby CERTIFY that this document is recorded in the
Recorder's Office of Monroe County, Pennsylvania

*Josephine Ferro*

+------------------------------------------+
|   **THIS IS A CERTIFICATION PAGE**       |
|                                          |
|       # Do Not Detach                    |
|                                          |
|   **THIS PAGE IS NOW THE LAST PAGE**     |
|     **OF THIS LEGAL DOCUMENT**           |
+------------------------------------------+

\* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

05A0F1

Book: **2490**  Page: **288**